FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PAUL KANE, M.D.,

                            **Plaintiff,**

    -against-

ISLAND VIBES TOURS and ISLAND
VIBES TOURS WORLDWIDE, LLC,

                            **Defendants.**
------------------------------------------------------------------x

**OPINION & ORDER**

17-cv-506 (NG) (ST)

**GERSHON, United States District Judge:**

Plaintiff Paul Kane filed an amended complaint on July 31, 2017, alleging claims of negligence and premises liability against two defendants: Island Vibes Tours ("Island Vibes") and Island Vibes Tours Worldwide, LLC ("Worldwide"). Plaintiff's injuries were suffered on a tour boat in the Turks and Caicos Islands, which was operated by defendant Island Vibes, a corporation organized under the laws of Turks and Caicos Islands. Plaintiff alleges that Island Vibes also does business within the State of New York, but he does not allege that his injuries arose out of any such business. Because all the conduct relevant to plaintiff's claims occurred in Turks and Caicos, in order for this court to have personal jurisdiction over Island Vibes, Island Vibes would have to be subject to general jurisdiction in the State of New York. Island Vibes now moves to dismiss the case for lack of personal jurisdiction, or, in the alternative, to dismiss the case based on the doctrine of *forum non conveniens*.

Worldwide is headquartered in New York and does not dispute personal jurisdiction. Worldwide argues, however, that it merely provides "marketing, analytics, and branding services" for Island Vibes and has no role in either maintaining the boats or supervising patrons on the boat tours. Worldwide argues that the claims against Worldwide should be dismissed for failure to state

1

a claim pursuant to Fed. R. Civ. P. 12(b)(6) and because they are not a proper party pursuant to Fed. R. Civ. P. 21.

## PLAINTIFF'S ALLEGATIONS

The allegations of the Amended Complaint, taken as true for purposes of this decision, are as follows: On January 29, 2016, while on a tour boat at 17 Turtle Cove Landing in Turks and Caicos, plaintiff "slid on the slide on the tour boat" and suffered serious and permanent injuries. These injuries were caused by (unspecified) problems with the slide and the negligence of the employees responsible for the slide. Plaintiff alleges that the premises was owned, operated, managed, maintained, repaired, controlled, inspected, constructed, and supervised by both Island Vibes and Worldwide. Plaintiff alleges that: (1) both Island Vibes and Worldwide are organized under the laws of Turks and Caicos; (2) Island Vibes has a principal place of business in Turks and Caicos; and (3) Worldwide has a principal place of business in New York.

## DISCUSSION

### I. Personal Jurisdiction Over Island Vibes

Where, as here, a court relies solely on the submissions of the parties in ruling on a motion to dismiss for lack of personal jurisdiction, plaintiff need allege only "facts sufficient to demonstrate a *prima facie* showing of jurisdiction . . . by way of the complaint's allegations, affidavits, and other supporting evidence, which are evaluated in the light most favorable to [plaintiff]." *Williams v. Preeminent Prot. Svcs.*, 81 F. Supp. 3d 265, 269 (E.D.N.Y. 2015).

The Second Circuit has set forth a two-part test for determining whether a plaintiff has made a *prima facie* showing that this court has jurisdiction. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). "First, [the court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws

2

comports with the requirements of due process." *Id.* As for the first part of the test, courts in this district have interpreted CPLR § 301 to allow a court to "exercise personal jurisdiction over a foreign defendant who is 'doing business' in New York 'with a fair measure of permanence and continuity.'" *Muraco v. Sandals Resorts International*, 2015 WL 9462103, at *5 (E.D.N.Y. Dec. 28, 2015). As for the second part, however, due process requires that, absent an "exceptional case," general jurisdiction over an organization exists only in the organization's "formal place of incorporation" and/or its "principal place of business." *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 n.19 (2014); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

New York extends personal jurisdiction under two statutes: CPLR §§ 301 (general jurisdiction) and 302 (specific jurisdiction). Plaintiff does not contend that Island Vibes is subject to specific jurisdiction.[1] Plaintiff's basis for asserting jurisdiction over Island Vibes in New York is its potential connection to Worldwide. (Aff. in Opp. ¶ 11.) The Amended Complaint alleges that Island Vibes does business in New York, which Island Vibes disputes in a sworn declaration from Marvin Mullings, a part-owner of Island Vibes who runs the business on a day-to-day basis. Mullings and Genevieve Rossiello, "the sole employee and sole member of Worldwide," have submitted declarations saying that Worldwide functions as a vendor for Island Vibes that is responsible for its marketing and that it has no ownership of the property on which the injury occurred; nor is Worldwide responsible for any maintenance there. Plaintiff claims he requires discovery to rebut these declarations.

---

[1] Since the purported failure to maintain the tour boat and the negligence in allowing plaintiff to use the slide did not "arise from" any acts that took place within New York, and plaintiff did not suffer his injury within New York, CPLR § 302 would not be helpful to plaintiff in establishing jurisdiction over Island Vibes.

The questions plaintiff raises about whether Island Vibes "does business" in New York and the extent of its relationship with Worldwide are not relevant in light of the Supreme Court's decision in *Daimler*. Prior to *Daimler*, plaintiff may have been entitled to discovery into the extent to which Island Vibes does business in New York, since plaintiff has alleged that it does business here in the Amended Complaint. But whether Island Vibes does business here, even if it does business here with regularity, is no longer enough. In *Daimler*, plaintiffs, who were Argentinian citizens suing over conduct that occurred in Argentina, attempted to sue Daimler, a German company that manufactures Mercedes-Benz vehicles in Germany. They brought suit in California, because Daimler's vehicles are sold in California (and throughout the United States) through a Daimler subsidiary, Mercedes-Benz USA. 134 S.Ct. at 751. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment precluded the district court from exercising jurisdiction over Daimler merely because Daimler's vehicles were sold in California. *Id.* The Court held that a corporation is not ordinarily subject to general jurisdiction in a State even if it "engages in a substantial, continuous, and systematic course of business" there. *Id.* at 761. The question is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011)). Indeed, the Court identified only two bases for general jurisdiction over a corporation—its formal place of incorporation and its principal place of business. *Id.* The Court left open the "possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* n.19.

While the parties dispute the extent to which Island Vibes is affiliated with Worldwide and the extent to which it does business in New York, plaintiff admits that Island Vibes is incorporated in Turks and Caicos. (Am. Compl. ¶ 3.) Plaintiff further admits that Island Vibes has its principal place of business in Turks and Caicos. (Am. Comp. ¶ 4.) Plaintiff also entirely fails to allege facts that would render this the "exceptional case" that would fit through the window left open in *Daimler*. Therefore, Island Vibes is not subject to general jurisdiction in New York, and this court lacks jurisdiction over the claims against it. Island Vibes' motion to dismiss the claims against it for lack of personal jurisdiction is GRANTED, and all claims against Island Vibes are dismissed, without prejudice, for lack of personal jurisdiction.

## II. Worldwide's Motion to Dismiss

Worldwide moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). When considering such a motion, the court must accept as true all well-pleaded factual allegations and must draw all inferences in plaintiff's favor. *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 360–61 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, Worldwide argues that it should be dismissed pursuant to Fed. R. Civ. P. 21 because it has no connection to the incident and is not a proper party. In essence, both arguments are that Worldwide is an independent vendor that does marketing for Island Vibes and has no responsibility for making sure the slide in Turks and Caicos—which is owned, maintained and operated solely by Island Vibes—is safe and patrons using it are supervised properly.

5

That may very well be true. It is supported by sworn declarations made on personal knowledge, and Island Vibes agrees. Nevertheless, at this stage of the litigation, I must accept as true all well-pleaded factual allegations in the Amended Complaint. Plaintiff alleges that the premises on which he was injured were defective and negligently maintained, and that they were owned, operated, managed, maintained, repaired, controlled, inspected, constructed, and supervised by Worldwide, as well as by Island Vibes. (Am. Compl. ¶ 12.) Those are not legal conclusions, they are facts, and they are more than sufficient to state a claim for premises liability and negligence against Worldwide.[2] Worldwide's motion to dismiss for failure to state a claim and because it is not a proper party is therefore DENIED.

---

[2] In light of the declarations attached to Worldwide's motion and Island Vibes' motion, however, there is a question about whether plaintiff has a good-faith basis to make such an allegation. It is true that plaintiff does not need to provide evidence of the truthfulness of his allegations to survive a motion to dismiss, but neither is he free to plead facts that he has no reason to believe are true merely to defeat such a motion. Plaintiff should understand that if he proceeds on this claim against Worldwide based on the factual allegations recounted above, and it becomes apparent that he did not have a good-faith basis to make those allegations, he may be subject to sanctions pursuant to Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons discussed above, Island Vibes' motion to dismiss the claims against it for lack of personal jurisdiction is GRANTED. Defendant Worldwide's motion to dismiss under Rules 12(b)(6) and 21 is DENIED. The Clerk of Court is directed to terminate defendant Island Vibes Tours as a party.

**SO ORDERED.**

Dated: January 18, 2018
Brooklyn, New York

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**